UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUKE PERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 24-cv-12060-JEK |
| FRED BOWERS, Warden, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**KOBICK, J.**

Pro se prisoner Luke Perry has filed a Motion to Intervene and For Immediate Injunctive Relief that objects to the Bureau of Prison's ("BOP") handling of his legal mail. For the reasons set forth below, the motion will be denied. If Perry wishes to proceed with this action, the Court grants him time to (1) either pay the $405 filing and administrative fee or file a motion for leave to proceed *in forma pauperis* with a copy of his prison account statement, and (2) file a complaint that sets forth a plausible claim upon which relief may be granted.

**I.      Background.**

Perry, who is self-represented and serving a sentence at FMC Devens, initiated this action on August 9, 2024, by filing a Motion to Intervene and For Immediate Injunctive Relief. ECF 1. Perry's motion concerns the handling of his incoming legal mail by FMC Devens staff. *Id.* He contends that prison staff incorrectly process incoming legal mail from the court as regular mail and open such mail outside his presence, in violation of BOP Program Statement 5265.14. Attached to his motion is a copy of his unsuccessful appeal to the Warden Bowers, dated August

6, 2024. ECF 1-1 at 2.[1] Perry contends that exhausting his administrative remedies would be futile because he "is set to be released in October 2024." ECF 1, at 1. He asks this Court to "conduct an immediate hearing to resolve the irreparable harm being suffered by Mr. Perry by the Defendants' blatant violations of his rights and the law." *Id.* at 2.

**II.     Failure to File a Complaint.**

To initiate a civil action, a plaintiff must file a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Although Perry's motion contains some factual allegations, it is not fashioned as a complaint that complies with Federal Rules of Civil Procedure 8 and 10. Absent a properly filed civil action, the Court lacks jurisdiction to issue preliminary injunctive relief. *See e.g.*, *Latimore v. Boston Police Dept.*, No. 14-13685-FDS, 2014 WL 4965867, at *2 (D. Mass. Oct. 1, 2014) (denying motion for injunctive relief where no complaint was filed); *Lowenthal v. Massachusetts*, No. 14-13631-GAO, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014) (same).

To the extent that Perry wishes to proceed, he will be granted time to file a complaint. Any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. The case caption of a complaint should clearly name each party Perry intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). The complaint must provide "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Perry should put each claim into a numbered paragraph, and

---

[1] Perry has twenty days to appeal to the BOP's regional director using Form BP-10. *See* 28 C.F.R. § 542.15(a). If the Regional Director's response does not resolve the matter, he must seek relief by appealing the Director's response within thirty days to the Office of General Counsel, using Form BP-11. *Id.*

each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

### III. The Filing Fee.

Perry also has not paid the filing fee or submitted a motion for leave to proceed *in forma pauperis*. A party bringing a non-habeas civil action must either (1) pay the $350.00 filing fee and the $55.00 administrative fee[1], *see* 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[2] To the extent that Perry wishes to proceed, he will be granted time to address the filing fee.

### IV. Preliminary Screening.

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or from officers or employees of a governmental entity are also subject to screening. Section 1915A(b) authorizes federal courts to dismiss a complaint *sua sponte* if the

---

[1] The $55.00 administrative fee does not apply to persons proceeding *in forma pauperis*. *See* Judicial Conference Fee Schedule.

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

It is unclear here what legal claims Perry wishes to assert. To the extent he seeks to assert a claim directly under the applicable BOP program statement, such program statements do not create enforceable substantive rights. *See United States v. Craveiro*, 907 F.2d 260, 264 (1st Cir. 1990) ("the internal guidelines of a federal agency, that are not mandated by statute or the constitution, do not confer substantive rights on any party"). Should Perry wish to proceed by filing a complaint, he must, in accordance with 28 U.S.C. § 1915A(b), assert a plausible claim upon which relief may be granted.

**V.     Conclusion.**

For the foregoing reasons, the Court hereby orders:

1.     The motion to intervene and for immediate injunctive relief is DENIED.

2.     If Perry wishes to proceed with this action, he must, on or before September 12, 2024, (1) either pay the $405 filing and administrative fee or file a motion for leave to proceed *in forma pauperis* with a copy of his prison account statement; and (2) file complaint that states a plausible claim upon which relief may be granted. Failure to comply with this directive within 28 days of the date of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

Dated: August 15, 2024

/s/ Julia E. Kobick  
Julia E. Kobick  
United States District Judge