UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LUKE PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-12060-JEK |
| | ) | |
| FRED BOWERS, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS
FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff Luke Perry, who is serving a sentence at FMC Devens and proceeding *pro se*, filed this suit against defendant Fred Bowers, the Warden at FMC Devens, alleging that the staff in FMC Devens' mailroom are improperly handling his legal mail. Pending before the Court are motions requesting a preliminary injunction that would bar the staff at FMC Devens from opening Perry's legal mail outside of his presence and order the Clerk of this Court to stamp the name and title of an employee in the Clerk's Office and the term "special mail" on the envelopes of all outgoing correspondence to him. Because Perry has not exhausted his administrative remedies or shown that those remedies were unavailable to him, his motions will be denied.

**BACKGROUND**

The following facts are drawn from the pleadings in this case, as well as the exhibits and declaration attached to Bowers' opposition to Perry's motions.

Perry filed his first administrative grievance with Bowers regarding FMC Devens' mail handling practices on July 16, 2024. ECF 23-2, ¶ 8; ECF 23-3, Ex. C, at 2. His complaint was rejected for failure to properly complete the grievance form. ECF 23-2, ¶ 8. Perry subsequently

resubmitted his complaint, filing grievances on July 26, 2024 and August 8, 2024. *Id.* ¶¶ 9-10; ECF 23-3, Ex. C, at 3. In his first complaint, Perry alleged that the mailroom staff "improperly opened [his] properly-identified legal mail parcel outside of [his] presence and photocopied the parcel and sent it to [him] by general mail," even though the letter was stamped with an indication that it was "special mail," a category that includes legal mail, and came from a court. ECF 23-3, Ex. D, at 1. Perry argued that FMC Devens' policy of requiring the Clerk's Office employees to identify themselves on the envelope is an "overinterpretation" of 28 C.F.R. § 540.18(a), which sets forth procedures for opening prisoners' special mail.[1] *Id.* Perry's second request largely restated his first grievance and argued that FMC Devens' special mail handling policy is unconstitutional. ECF 23-3, Ex. E, at 1.

Bowers responded to these grievances on August 6 and August 28, 2024. ECF 23-2, ¶¶ 9-10; ECF 23-3, Exs. D, E. In both responses, he informed Perry that "[m]ail with a Clerks Office address alone does not qualify as a person being adequately identified" for purposes of special mail handling per Bureau of Prisons ("BOP") Program Statement 5265.14. ECF 23-3, Ex. D, at 2; ECF 23-3, Ex. E, at 2. Perry appealed these responses to BOP's Northeast Regional Office on August 12 and September 9, 2024. ECF 23-2, ¶¶ 11-12; ECF 23-3, Exs. F, G. On October 2, 2024, the Regional Director affirmed both decisions. *Id.* The Regional Director explained that "the article of mail in question, though marked as special mail, does not show the name and title of the specific individual from an organization capable of sending special mail" and "signifies only that the article was sent from the Clerk of US District Court." ECF 23-3, Ex. F, at 2; ECF 23-3, Ex. G, at 2. Perry

---

[1] Section 540.18(a) provides: "The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked 'Special Mail—Open only in the presence of the inmate'." 28 C.F.R. § 540.18(a).

did not appeal that determination to the BOP's Office of General Counsel, which would have been the final step in the administrative review process. *See* 28 C.F.R. § 542.15(a).

On August 9, 2024, Perry brought this action by filing a Motion to Intervene and for Immediate Injunctive Relief. ECF 1. The Court denied Perry's motion on August 15, 2024, explaining that to initiate a civil action, a litigant must file a complaint and either pay a filing fee or seek leave to proceed *in forma pauperis*. ECF 5, at 1. Thereafter, on August 23, 2024, Perry filed his complaint and a motion for leave to proceed *in forma pauperis*. ECF 7, ECF 8. In his complaint, Perry alleges that, outside of his presence, FMC Devens' staff improperly opened two legal mail parcels from the U.S. District Court for the Northern District of New York, even though the envelopes indicated that they were from a federal court and were stamped "SPECIAL MAIL-Open only in the presence of the inmate." ECF 7, ¶¶ 4-6. Perry claims that FMC Devens' policy requiring that special mail from the Clerk's Office be marked with the Clerk's "name and title in order to be 'adequately identified' under 28 C.F.R. § 540.18(a)," and thus subject to special mail handling procedures, violates his First and Fourth Amendment rights and misinterprets 28 C.F.R. § 540.18 and BOP Program Statement 5265.14. *Id.* ¶¶ 1, 9, 12-15.

Also on August 23, 2024, Perry filed a document titled Motion for an Order. ECF 10. In that filing, Perry requests that the Court "enter an order directing the clerk of the court to include 'SPECIAL MAIL-Open only in the presence of the inmate' language on all future parcels sent to [him]" and, if the Court agrees with FMC Devens' interpretation of § 540.18, "direct its staff . . . to identify themselves by name and title in all future mail" sent to him. *Id.* at 1. On September 4, 2024, Perry filed a document titled Notice to the Court, arguing that he was suffering ongoing harm and requesting that the Court "take immediate injunctive action and issue an order to the Defendant to cease and desist converting his property and violating his rights." ECF 11, at 1. The

3

Court subsequently granted Perry's motion to proceed *in forma pauperis* and, construing his Notice to the Court as a motion for a preliminary injunction, ordered the Clerk's Office to serve a copy of Perry's motion on counsel for Bowers, directed Bowers to respond to Perry's motion in fourteen days, and ordered the Clerk's Office to deliver a copy of the summons and complaint to the U.S. Marshals Service for subsequent service on Bowers. ECF 12, ECF 17.

On October 7 and 8, 2024, respectively, Perry filed a further motion and notice, requesting that the Court direct the Clerk to "modify his address of record so that his legal parcels from the Court qualify as legal mail," and asking the Court to "immediately order its clerks to identify themselves to prisoners by name and title on each of his parcels moving forward." ECF 20, ECF 21. On October 11, 2024, Bowers opposed Perry's requests for a preliminary injunction.

## DISCUSSION

### I. **Jurisdiction.**

Bowers first contends that the Court lacks jurisdiction to entertain Perry's motions seeking preliminary injunctive relief because he has not yet been served with the summons and complaint. Until service is effectuated, Bowers maintains, the Court lacks subject matter jurisdiction over this case and may not exercise personal jurisdiction over him.

Bowers' position reflects a misunderstanding of the law. The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331, because Perry's complaint asserts that the defendant's opening and reading of his legal mail outside his presence violates his First Amendment right of access to the courts, his Fourth Amendment rights, 28 C.F.R. § 540.18, and the BOP's Program Statement 5265.14. *See* 28 U.S.C. § 1331 (federal district courts have subject matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States"); *Sun Commodities, Inc. v. Island Fresh de Puerto Rico, Inc.*, Nos. 20-1731 and 20-2075,

4

2023 WL 7474486, at *1 (1st Cir. Aug. 14, 2023) (upholding a preliminary injunction issued as to a party that did not receive formal service of process where the party received actual notice of the preliminary injunction proceedings). Further, under Federal Rule of Civil Procedure 65, the Court has equitable authority to issue a preliminary injunction if the adverse party has received "notice," Fed. R. Civ. P. 65(a)(1), and if the Court finds, following a hearing, that the moving party "has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed," *Fryzel v. Mortg. Elec. Registration Sys., Inc.*, 719 F.3d 40, 44 (1st Cir. 2013). Rule 65(a)(1) does not define what constitutes proper "notice" to an adverse party, but the notice requirement is generally satisfied when the moving party receives a copy of the motion and, should a hearing occur, a specification of the time and place of the hearing. *See* 11A Fed. Prac. & Proc. § 2949 (3d ed. 2024 update); *DuBois v. Alves*, No. 22-cv-11203-RGS, 2022 WL 4376041, at *5 (D. Mass. Aug. 22, 2022) ("notice to the adverse party" requires that the motion be served on the defendants). Here, Bowers has been served with Perry's preliminary injunction motion, his counsel has made an appearance in the case, and he has filed a brief opposing the motion. Thus, the Court may consider Perry's preliminary injunction motion, regardless of whether Bowers has been served with the summons and complaint in accordance with Federal Rule of Civil Procedure 4.[2]

## II.     Requests for Preliminary Injunctive Relief.

Perry seeks a preliminary injunction because, in his view, FMC Devens' mail handling procedures violate his First and Fourth Amendment rights and BOP regulations. A party seeking a preliminary injunction bears the burden of showing: "(1) the likelihood of success on the merits;

---

[2] Because Perry is proceeding *in forma pauperis*, he is relying on the U.S. Marshals Service to effectuate service. *See* Fed. R. Civ. P. 4(c)(3).

5

(2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996). "The first of these four factors normally weighs heaviest in the decisional scales." *Coquico, Inc. v. Rodríguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009).

Perry cannot satisfy the first element of the test, a likelihood of success on the merits, because he has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") instructs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, prisoners like Perry must fully exhaust available administrative remedies "before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016). This exhaustion requirement "foreclos[es] judicial discretion" to excuse a plaintiff's failure to exhaust, regardless of special circumstances, unless the remedy is not "available" or "capable of use." *Id.* at 639, 642 (quotation marks omitted). A remedy is not available if, for example, an administrative procedure "operates as a simple dead end," because the officials overseeing the procedure "lac[k] authority to provide any relief" or have "apparent authority, but decline ever to exercise it." *Id.* at 643 (citation and quotation marks omitted). Likewise, if a procedure is "so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or if prison administrators "interfer[e] with an inmate's pursuit of relief" through "machination, misrepresentation, or intimidation," a remedy will be deemed unavailable. *Id.* at 643-44.

Perry concedes that he has not exhausted his administrative remedies but argues that his failure to exhaust should be excused. ECF 7, ¶ 11; *see also* ECF 23-2, ¶ 13 (averring that Perry has not exhausted his administrative remedies for his special mail handling grievances). Because he will be released from custody soon, Perry claims, completion of the grievance process would be futile. But an approaching release date does not automatically render administrative remedies unavailable or negate the "possibility of some relief." *Ross*, 578 U.S. at 643; *see Monahan v. Winn*, 276 F. Supp. 2d 196, 204 (D. Mass. 2003) (noting that the "PLRA exhaustion requirement has no 'futility' exception"). Without more, Perry's prediction that he would not have finished exhausting his claims until after his release does not mean that his administrative appeal is a "simple dead end" or that the grievance procedures are otherwise not "capable of use." *See Ross*, 578 U.S. at 639, 643. Perry fails to argue, for example, that he could not have completed the final step in the grievance process—that is, an appeal to the BOP's Office of General Counsel, *see* 28 C.F.R. § 542.15(a)—before his anticipated release date.

Because Perry has not exhausted his administrative remedies or shown that his failure to exhaust should be excused, he cannot demonstrate a likelihood of success on the merits of his claims challenging FMC Devens' special mail opening policy. *See Swain v. Junior*, 958 F.3d 1081, 1091-92 (11th Cir. 2020) (district courts should address PLRA exhaustion at the preliminary injunction stage); *White v. Spaulding*, No. 19-cv-11102-FDS, 2019 WL 2331629, at *2 (D. Mass. May 31, 2019) (the plaintiff's failure to exhaust his administrative remedies foreclosed him from demonstrating a likelihood of success on the merits); *Waite v. Hoyt*, No. 22-cv-071-SE-AJ, 2024 WL 4301912, at *8 (D.N.H. Sept. 26, 2024) (same). Accordingly, Perry is not entitled to preliminary injunctive relief.

**CONCLUSION**

For the foregoing reasons, Perry's motions and notices, ECF 10, 11, 20, and 21, are DENIED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2024